# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **MIMEDX GROUP, INC.,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) CASE No.: 2:15-cv-00369-VEH |
| v. | ) |
| | ) |
| **NUTECH MEDICAL, INC. et al,** | ) |
| | ) |
| Defendants. | ) |

### DCI DONOR SERVICE INC.'S REPLY BRIEF REGARDING NUTECH MEDICAL'S MOTION TO STAY DISCOVERY

DCI Donor Services, Inc. ("DCI Donor Services") did not file a motion to stay discovery, but MiMedx's opposition (Doc. 38) makes arguments touching on DCI Donor Services that warrant a reply to clear up any confusion.

**If the Court grants NuTech's motion to dismiss, DCI Donor Services is out of the case**. MiMedx is simply incorrect that litigation will continue as to DCI Donor Services if NuTech's motion to dismiss is granted. (Doc. 38 at 15). MiMedx's only claims against DCI Donor Services are patent claims under the '687 and '494 patents. (Doc. 1 at Counts II, IV). NuTech's motion shows those patents to be invalid. Granting the motion to dismiss and finding the patents invalid would end the case as to DCI Donor Services.

**Practical considerations strongly favor staying discovery altogether instead of proceeding piecemeal.**  These practical considerations arise in two areas.

First, orderly discovery cannot proceed with less than all the parties participating and so many major issues unsettled.  MiMedx rightly asserts that "separate but related litigations running on two different tracks" (Doc. 38 at 14) would prejudice DCI Donor Services, but it has the wrong remedy.  Instead of accepting MiMedx's invitation to complicate the case, the Court should just stay discovery for the brief time necessary to decide the pending motion to dismiss.  Consider the alternative:  DCI Donor Services and MiMedx could presumably exchange basic information, but discovery on patent issues would be premature because facial validity of the patents is currently disputed.  Under *Chudasama*, discovery on patent issues is premature.[1]  *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997) ("[W]hen faced with a motion to dismiss a claim for relief that significantly enlarges the scope of discovery, the district court should rule on the motion before entering discovery orders, if possible.").  Moreover, rushing piecemeal into 26(f) issues and discovery makes no sense because the parties need to know who is in, and with what claims, before deciding things like

---

[1]   The Court has recently applied *Chudasama* in the way urged by NuTech and supported by DCI Donor Services.  *Weaver v. Nat'l Better Living Ass'n*, 4:13–CV–2112–VEH, 2014 WL 1621951 at *1–2 (N.D. Ala. Apr. 22, 2014) (staying discovery).

how long discovery should take, what issues to address, or which custodians to query. Doing things twice is wasteful, needlessly expensive, and it invites confusion.

Second, entering a stay during the pendency of Nutech's Motion to Dismiss will also likely result in this Court having the benefit of knowing whether the two patents that are at issue in this case will be the subject of *inter partes* review ("IPR") proceedings before the United States Patent and Trademark Office ("PTO"). Before MiMedx filed this case, third parties had already filed petitions asking the PTO to review the patents through IPR proceedings. https://ptabtrials.uspto.gov (search for Case Numbers IPR2015-00320 and IPR2015-00420). The PTO is due to decide whether or not to grant the petitions and institute IPR proceedings by July 13, 2015, less than one month from now. *See* 35 U.S.C. § 314(b) (requiring PTO decision on requests within three months after filing of patent owner's preliminary response; MiMedx's later-filed preliminary response in IPR2015-00420 was filed April 13, 2015). If the PTO grants the petitions and institutes IPR proceedings, DCI Donor Services will almost certainly seek a stay on that basis due to the extremely high percentage of IPR proceedings that result in the invalidation patent claims. Kenyon & Kenyon, *IPR and CBM Statistics as of April 2, 2014*. To be clear, DCI Donor Services does not presently ask the Court to stay this lawsuit based on the potential that the PTO

will institute IPR proceedings.[2]  Instead, given the close proximity in time to the expected decision of the PTO as to whether or not to institute IPR proceedings—proceedings which may materially affect the patent claims in this case—the Court may want to consider the potential benefit of knowing how the PTO will handle the pending IPR petitions before it enters a schedule in this lawsuit.

## CONCLUSION

DCI Donor Services fully agrees with NuTech's motion to stay discovery. NuTech's proposal to stay discovery pending the imminent resolution of NuTech's motion to dismiss will both avoid litigation on issues where discovery may prove unnecessary and make sure that all the parties move forward together in an orderly fashion.  What makes no sense is to proceed piecemeal—doing so will either be a total waste (if the patent claims are dismissed) or merely a logistical mess (if some parties engage in discovery on some claims while other claims are stayed).

Respectfully submitted this 17th day of June, 2015.

/s/ *J. Thomas Richie*
One of the Attorneys for
DCI Donor Services, Inc.

---

[2] MiMedx correctly notes that two other courts denied motions to stay based on the pendency of the IPR petitions referenced herein (Doc. 38 at 15 n.3), but those courts denied the motions without prejudice and allowed the parties to renew their requests for a stay at a later date if the PTO decides to institute IPR proceedings.

OF COUNSEL
Joel M. Kuehnert
J. Thomas Richie
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119
(205) 521-8000; Fax:  (205) 521-8800
Email:	jkuehnert@babc.com
	trichie@babc.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 17, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

M. Christian King
Audrey Elaine Brown
LIGHTFOOT FRANKLIN & WHITE LLC
400 North 20th Street
Birmingham, AL  35203

Deepro R. Mukerjee
Leah W. Feinman
Poopak Banky
ALSTON & BIRD LLP
90 Park Avenue
New York, NY  10016

Sasha G. Rao
Brandon H. Story
MAYNARD COOPER & GALE, P.C.
275 Battery Street
Suite 1350
San Francisco, CA 94111

Wesley C. Achey
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA  30309

Scott S. Brown
MAYNARD COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 Regions Harbert Plaza
Birmingham, AL  35203-2618

/s/ *J. Thomas Richie*
Thomas Richie

Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119
(205) 521-8000; Fax: (205) 521-8800
E-mail: trichie@babc.com